# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MATTHEW SIMPSON,

             Plaintiff.

  -against-

THE CITY OF NEW YORK, a municipal entity
THE NEW YORK CITY POLICE DEPARTMENT,
P.O. FELIPE RAMIREZ (Shield#20745),
P.O. JENNA CRAWFORD (Shield#17282),
P.O. DAMIAN WEBER (Shield#25697),
P.O. MARK SCURRY (Shield#14381)
SERGANT BRANDON AGOSTO (Shield#1033),

             Defendants.

Case No.:

**SUMMONS**

JURY TRIAL REQUESTED

### To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 60 days if you are the United States or a United States agency described in Fed. R. Civ. P. 12(a)(2) or (3). The answer or motion must be served on plaintiff or plaintiff's attorney, whose name and address are:

Joshua Dayan, 80-02 Kew Gardens Road, Suite 902, Kew Gardens, NY 11415.

    In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: September 17, 2025
Kew Gardens, New York

**DAYAN LAW L.L.P.,**

Joshua Dayan, Esq.
80-02 Kew Gardens Rd, Kew Gardens NY
11415, Suite #902
Joshua@dayanlawllp.com / (347) 513-6233

CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
ONE CENTRE STREET
ROOM 1200
NEW YORK, NY 10007-2341

CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

NEW YORK CITY POLICE DEPARTMENT
ONE POLICE PLAZA
NEW YORK, NY 10038

P.O. FELIPE RAMIREZ (Shield#20745)
NYPD 28TH PRECINCT
2271-89 8TH AVENUE,
NEW YORK, NY 10027

P.O. JENNA CRAWFORD (Shield#17282)
NYPD 28TH PRECINCT
2271-89 8TH AVENUE,
NEW YORK, NY 10027

P.O. DAMIAN WEBER (Shield#25697)
NYPD 28TH PRECINCT
2271-89 8TH AVENUE,
NEW YORK, NY 10027

P.O. MARK SCURRY (Shield#14381)
NYPD 28TH PRECINCT
2271-89 8TH AVENUE,
NEW YORK, NY 10027

SERGANT BRANDON AGOSTO (Shield#1033)
NYPD 28TH PRECINCT
2271-89 8TH AVENUE,
NEW YORK, NY 10027

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MATTHEW SIMPSON,

               Plaintiff.

    -against-

THE CITY OF NEW YORK, a municipal entity
THE NEW YORK CITY POLICE DEPARTMENT,
P.O. FELIPE RAMIREZ (Shield#20745),
P.O. JENNA CRAWFORD (Shield#17282),
P.O. DAMIAN WEBER (Shield#25697),
P.O. MARK SCURRY (Shield#14381)
SERGANT BRANDON AGOSTO (Shield#1033),
               Defendants.

Case No.:

**VERIFIED COMPLAINT**

JURY TRIAL REQUESTED

      Plaintiff, **MATTHEW SIMPSON** (Hereinafter, "Plaintiff"), by and through his attorney,

**JOSHUA DAYAN, ESQ.**, of **DAYAN LAW LLP.**, files this Verified Complaint as against the

above-named defendants (hereinafter collectively, "Defendants"), alleging as follows:

## PRELIMINARY STATEMENT

1. This action is brought by Plaintiff for a judgment of compensatory damages, punitive

    damages and attorney's fees pursuant to 42 U.S.C.§1983 and 42 U.S.C.§1988 as against

    the Defendants "THE CITY OF NEW YORK" (Hereinafter "the City"), "THE NEW

    YORK CITY POLICE DEPARTMENT," (Hereinafter "NYPD"), "POLICE OFFICER

    FELIPE RAMIRIEZ (Shield#20745)," POLICE OFFICER JENNA CRAWFORD

    (Shield#17282), POLICE OFFICER DAMIAN WEBER (Shield#25697), POLICE

    OFFICER MARK SCURRY (Shield#14381), and SEARGANT BRANDON AGOSTO

    (Shield#1033), for violations of Plaintiff's civil rights, as said rights are secured by said

statutes and the Constitutions of both the State of New York and the United States of America.

2.  On or about February 21, 2025, Plaintiff was lawfully walking on the street in Manhattan, New York, when Defendant police officers of the NYPD approached him, grabbed and detained him, and proceeded to thoroughly search him.

3.  Defendant officers of the NYPD proceeded to conduct a full-blown search of the Plaintiff, thoroughly checking his pockets, and patting him down. However, after conducting this full-blown search, checking his legs, arms, and every pocket, Defendant officers found no contraband of any kind on the Plaintiff.

4.  Notwithstanding that Defendant officers found no contraband of any kind, and that Plaintiff stated he did not do anything wrong or violate any laws, defendant officers present at the scene of arrest can be seen on body camera footage, laughing and mocking Plaintiff, with officers such as Officer Jennifer Crawford saying "Trust me, you're gonna see…" and "Don't worry we'll STRIP him at the precinct!" Plaintiff pleaded, "I don't got nothing on me!"

5.  The Defendants then placed the Plaintiff in handcuffs and transported him to the 28th NYPD Police Precinct.

6.  At the 28th NYPD Precinct, the Plaintiff was later placed in a jailcell, and members of the NYPD, including but not limited to defendant officers demanded Plaintiff to remove all his clothes for a "strip search," following through with Officer Jenna Crawford's earlier threat that "…we'll strip him at the precinct."

7.  Scared, the Plaintiff refused, in sum and substance saying that there is no reason to conduct a search of this kind because the officers searched him thoroughly earlier at the

scene of arrest and found no contraband on him, but Plaintiff was told by the Defendant officers that "we could do this the easy way…or the hard way."

8. Intimidated and surrounded by officers, some of whom had smirks and smiles on their faces, Plaintiff could not refuse any longer and complied with the Defendant officers' directives to remove all his clothes.

9. The Plaintiff stood naked, completely exposed while Defendant officers instructed the Plaintiff to "lift his testicles," which he did, and no contraband was there.

10. The Plaintiff was told to open his mouth and lift his tongue, which he did, and no contraband was there.

11. The Plaintiff was told to bend down, spread his legs, and expose his anus, to which he hesitated, feeling completely exposed and powerless. But, after the Defendant officers insisted, the Plaintiff complied. The Plaintiff then bent down, spread his legs, exposing his most private part of his body, and the examining NYPD officer proceeded to place his finger in Plaintiff's anus and rectum to presumably check for any stored contraband.

12. There was no contraband of any kind found on nor inside the Plaintiff's body on February 21, 2025, but the Defendants proceeded to wrongfully and maliciously initiate very serious criminal charges against the Defendant, including but not limited to charging Plaintiff with alleged violations of Penal Law 220.39(1), Criminal Sale of a Controlled Substance in the 3rd Degree, a Class B Felony, exposing the innocent Plaintiff to substantial state prison time.

13. Plaintiff's criminal charges were dismissed and sealed on April 28, 2025, and after months of living with anxiety and fear that he might end up as an innocent person incarcerated, the criminal charges were dismissed in their entirety.

14. After the relief of being vindicated and having his criminal charges dismissed, Plaintiff remains with the horrible memories of being stripped naked by members of the NYPD, the defendants, humiliated, and physically touched in such an intrusive manner, that Plaintiff continues to suffer emotional trauma, pain and suffering, anxiety, and fear.

15. Plaintiff has suffered tremendously due to the actions of the Defendants in this case, including but not limited to mental and emotional trauma, humiliation, violations of his constitutional rights, pain and suffering, lost wages, loss of freedom, false arrest, and malicious prosecution.

## THE PARTIES

16. Plaintiff Matthew Simpson is an individual, currently residing in the State of New York, County of Manhattan, at the address of 216 West 111 Street, Manhattan, New York 10026, Apartment 4E.

17. Defendant the City was and still is a municipal corporation, duly organized and existing under and by virtue of the law of the State of New York.

18. Defendant the NYPD was and still is a municipal corporation and/or municipal police department, duly organized and existing under and by virtue of the law of the State of New York.

19. Police Officer Felipe Ramirez is a Police Officer employed by the City and NYPD at the 28th NYPD Precinct, with a Shield#20745. At all times mentioned in this Verified Complaint, Police Officer Felipe Ramirez was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

20. Police Officer Jenna Crawford is a Police Officer employed by the City and NYPD at the 28th NYPD Precinct, with a Shield#17282. At all times mentioned in this Verified Complaint, Defendant Police Officer Jenna Crawford was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

21. Police Officer Damian Weber is a police officer employed by the City and NYPD at the 28th NYPD Precinct, with a Shield#25697. At all times mentioned in this Verified Complaint, Defendant Police Officer Damian Weber was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

22. Police Officer Mark Scurry is a police officer employed by the City and NYPD at the 28th NYPD Precinct, with a Shield#144381. At all times mentioned in this Verified Complaint, Defendant Police Officer Mark Scurry was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

23. Sergeant Brandon Agosto is a sergeant employed by the City and NYPD at the 28th NYPD Precinct, with a Shield#1033. At all times mentioned in this Verified Complaint, Defendant Sergeant Brandon Agosto was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in

furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

24. At all times hereinafter mentioned, Defendants City and NYPD employed police officers, detectives, sergeants, and lieutenants including but not limited to Defendant Police Officers and Sergeants, and others that were involved in Plaintiff's wrongful arrest and malicious prosecution and violations of Plaintiff's constitutional rights.

25. At all times hereinafter mentioned, Defendants City and NYPD owned, maintained, supervised, managed, operated, inspected, and controlled the various police, facilities, police stations, police precincts, police equipment, police vehicles, all hereinafter mentioned in this Verified Complaint.

26. At all times hereinafter mentioned, all of the actions of the police officers, and/or detectives, and/or lieutenants, and/or sergeants alleged herein, including but not limited to defendant NYPD officers were done within the scope and course and in furtherance of their employment with Defendants City and NYPD and under color of the state law.

## JURISDICTION AND VENUE

27. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C § 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

28. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

29. Venue as to each defendant is proper in this district pursuant to 28 U.S.C. § 1391(b) and
(e) because a substantial part of the events or omissions giving rise to the claim occurred
in this district, and/or a substantial part of property that is subject of the action is situated
in this district, and/or because the plaintiffs reside in this District, and/or because a
defendant resides in this district and is subject to personal jurisdiction at the time this
action is commenced, and/or pursuant to 28 U.S.C. § 1401(a)(1) because plaintiff resides
in this district, as set forth hereinafter.

## JURY DEMAND

30. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed.
R. Civ. P. 38(b).

## SPECIFIC ACTS GIVING RISE TO THIS ACTION
## AND FACTS COMMON TO ALL CLAIMS

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the
above paragraphs with the same force and effect as if fully set forth herein.

32. Prior to the commencement of this action, and within ninety (90) days after the
happening of the incident herein, Plaintiffs served a Notice of Claim in writing upon the
Defendant the City.

33. A 50-h hearing was held for Plaintiff.

34. This action is commenced within one (1) year and ninety (90) days of the date when the
incident occurred to the Plaintiff.

35. On or about February 21, 2025, Plaintiff was lawfully walking on the street in Manhattan,
New York, when Defendant police officers of the NYPD approached him, wrongfully

searched him without any probable cause and/or reasonable suspicion of any crime or

violation of the law, placed him in handcuffs, wrongfully arrested him and detained him.

36. At this point in the encounter with the Defendnats, no contraband was discovered on

Plaintiff.

37. The Defendants then transported Plaintiff to the 28th NYPD Police Precinct, demanded

that Plaintiff remove all his clothes and stand naked, and Defendant officers conducted an

unconstitutional and humiliating strip search and body cavity search of Plaintiff's naked

body without any reasonable suspicion, no individualized reasonable suspicion as to

Plaintiff, no probable cause, and upon information and belief no warrant to do so.

38. During this unconstitutional strip-search, Plaintiff was instructed by Defendant officers to

"lift his testicles," so the officers could check underneath, open his mouth and lift his

tongue for the inspector NYPD officer to examine, and was requested to bend over to

expose his anus, until the inspecting NYPD officer placed his finger inside Plaintiff's

anus and rectum to presumably check for contraband.

39. The NYPD police officers of the 28th Police Precinct did not obtain a search warrant to

conduct this strip search and body cavity search of the plaintiff, and Defendants

conducted said search without necessary probable cause.

40. There was no contraband of any kind found on nor inside the Plaintiff's body on

February 21, 2025, but the Defendants proceeded to wrongfully and maliciously initiate

very serious criminal charges against the Defendant, including but not limited to charging

Plaintiff with alleged violations of Penal Law 220.39(1), Criminal Sale of a Controlled

Substance in the 3rd Degree, a Class B Felony, exposing the innocent Plaintiff to

substantial state prison time.

41. Plaintiff's criminal charges were ultimately dismissed and sealed on April 28, 2025, and after approximately two months of living with anxiety and fear that he might end up as an innocent person incarcerated, the criminal charges were dismissed in their entirety.

42. Plaintiff has suffered tremendously due to the actions of the Defendants in this case, including but not limited to mental and emotional trauma, humiliation, violations of his constitutional rights, pain and suffering, lost wages, loss of freedom, false arrest, and malicious prosecution

43. As a result of the foregoing, Plaintiff sustained, inter alia, mental anguish, emotional distress, embarrassment, humiliation, pain and suffering, lost wages, loss of standing within his community, damage to his reputation, and deprivation of his Constitutional rights.

44. As a result of Defendants' constitutionally violative conduct, Plaintiff respectfully demands a judgment against Defendants in a sum of money to be determined at trial, with attorney's fees and punitive damages as against defendants for the egregious conduct herein.

## FIRST CAUSE OF ACTION:
## DEPREIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of the Defendants City, NYPD, and the other police officers, sergeants, lieutenants, and detectives, their agents, servants and employees, were carried out under the color of state law.

47. All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers and/or sergeants and/or detectives, with all of the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, detectives, lieutenants, and sergeants, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers, including but not limited to Sergeant Brandon Agosto of said department.

50. As a result of the foregoing, Plaintiff was put in fear for his freedom, safety, embarrassed, and caused to suffer humiliation, pain and suffering, anxiety, lost wages, loss of freedom, loss of privacy, the intrusion of his body, emotional pain.

51. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer the violations of his civil rights, suffered the unreasonable, very intrusive, and unconstitutional search and seizure, lost wages, damage to his reputation, emotional distress, pain and suffering, anguish, anxiety, fear, humiliation, loss of freedom, expenses, etc...

52. As a result of Defendants' impermissible and Constitutionally violative conduct, Plaintiff respectfully demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## SECOND CAUSE OF ACTION:
## FALSE ARREST UNDER 42 U.S.C. §1983

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to an illegal, improper, wrongful, and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined against his will without necessary probable cause, reasonable suspicion, privilege, or consent.

55. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, pain and suffering, anguish, anxiety, fear, humiliation, loss of freedom, lost wages, damage to property, legal expenses and damage to his reputation and standing within his community.

56. As a result of Defendants' impermissible conduct, Plaintiff respectfully demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## THIRD CAUSE OF ACTION:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58. NYPD officers of the NYPD 28th Precinct, including all named defendant officers, initiated frivolous criminal charges against the Plaintiff without Probable Cause or necessary suspicion, that those criminal charges were dismissed in a favorable outcome for Plaintiff, that Defendant police officers acted without necessary probable cause and acted with malice towards Plaintiff.

59. That as a result of the foregoing, Plaintiff has suffered the violation of his constitutional rights and other damages, including lost wages, damage to reputation, emotional pain, loss of freedom, pain and suffering, and is entitled to relief, compensation, and an award of punitive damages.

## FOURTH CAUSE OF ACTION:
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION UNDER NEW YORK STATE LAW

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. Defendants NYPD and the City negligently hired, trained, supervised, and retained Defendant police officers, and the sergeants, detectives, and lieutenants that arrested Plaintiffs without necessary probable cause and initiated frivolous criminal charges against them, and conducted an illegal and unconstitutional strip search and body cavity search on Plaintiff without probable cause and/or without a warrant to do so; Defendant NYPD and City were careless, negligent, and/or reckless in the hiring, training, supervision, overseeing, and retention of said police officers and/or detectives and/or sergeants.

62. As a result of this negligent and/or reckless hiring, training, supervision, overseeing, and retention, Plaintiff has suffered and continues to suffer damages.

63. Indeed, Defendants City and NYPD failed to take action to remedy, train, discharge, and/or retrain defendant police officers, sergeants, detectives, and lieutenants involved in the incidents alleged herein.

64. As such, Plaintiff respectfully demands judgment as against all Defendants in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION:
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER NEW YORK STATE LAW

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. Defendant NYPD officers intentionally and/or deliberately and/or negligently, and/or recklessly, and/or carelessly inflicted emotion distress upon Plaintiff by subjecting him to false arrest, malicious prosecution, threatening Plaintiff with a strip search, conducting said strip search and body cavity search, embarrassing him, violating his constitutional rights, all done needlessly, and without probable cause.

67. Defendant NYPD officers' conduct was outrageous and extreme, intentional and/or reckless, and/or carless and/or negligent, and caused emotional distress to Plaintiff, fear over the loss of his freedom and criminal exposure, physical intrusion into his body and privacy, and the humiliation of a strip search and body cavity search without necessary probable cause or a warrant to do so.

68. Accordingly, Plaintiff is entitled to judgment against Defendants for the aforementioned wrongful conduct, including an award of punitive damages as against Defendants for their egregious conduct herein.

## PUNITIVE DAMAGES

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

70. The intentional and willful malicious conduct of the defendant NYPD police officers, detectives, sergeants, and lieutenants present at Plaintiff's scene of arrest, as they falsely arrested Plaintiff, sexually harassed Plaintiff with threats of a strip search, conducted an

illegal and unconstitutional strip search and body cavity search without probable cause, laughing at Plaintiff as they searched his body, until defendant officers ultimately initiated frivolous criminal charges against Plaintiff warrants an award of Punitive Damages in this case. Indeed, the egregious conduct of the defendants herein, as they violated Plaintiff's constitutionally protected rights warrants an award of punitive damages in this case.

**WHEREFORE** and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction in this case and:

(a) Award appropriate compensatory damages as against Defendants in an amount to be determined at trial.

(b) Award appropriate punitive damages as against Defendants in an amount to be determined at trial.

(c) Empanel a jury.

(d) Award attorney's fees pursuant to 42 USC Section 1988.

(e) Award such other and further relief as the Court deems to be in the interest of justice.

Dated: September 17, 2025
Kew Gardens, New York

**DAYAN LAW L.L.P.,**

Joshua Dayan, Esq.
Attorney for Plaintiffs
80-02 Kew Gardens Rd, Kew Gardens NY
11415, Suite #902
(347)-513-6233
Joshua@dayanlawllp.com

## VERIFICATION

STATE OF NEW YORK        )

COUNTY OF QUEENS        )

   RE: *Matthew Simpson v. The City of New York, et al.*

   Matthew Simpson, being duly sworn deposes and says:

   Deponent is the owner of Plaintiff in the within action; he has read the foregoing and attached Verified Complaint and knows the contents thereof and the same is true to deponent's own knowledge, except as to the matters herein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

           _____
           Matthew Simpson

Sworn to before me this 17ᵗʰ

day of September, 2025

_____
  NOTARY PUBLIC

   Joshua Dayan, Esq.
Notary Public, State of New York
  Reg. No. 01DA0016992
  Qualified in Queens County
Commission Expires 11/28/2027