

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JEFFREY NOLL**
*Assistant Corporation Counsel*
jnoll@law.nyc.gov
Phone: (212) 356-2617

December 19, 2025

**BY ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Matthew Simpson v. City of New York, et al.*
        25-CV-7775 (DLC)

Your Honor:

I am the Assistant Corporation Counsel representing Defendants in the above-referenced matter. Defendants write to request 1) that the Court endorse the proposed briefing schedule set forth below regarding Defendants' anticipated motion to dismiss, or in the alternative for summary judgment[1]; 2) that the Court stay discovery while Defendants' motion is pending; and 3) permission to forgo the Court Ordered meditation. See Docket Entry dated December 12, 2025.

**Relevant Background**

By way of background, Plaintiff was arrested on February 21, 2025, after Defendants observed Plaintiff, on surveillance footage, engage in what appeared to be a drug deal, in the vicinity of 200 W. 111th Street, Manhattan. Plaintiff alleges that he was transported to the 28th Precinct where he was strip searched and had his arrest processed. Plaintiff further alleges that the District Attorney's Office charged him with Criminal Sale of a Controlled Substance in the Third Degree, which was dismissed and sealed on April 28, 2025.

Plaintiff brings federal law claims of false arrest, malicious prosecution, and unlawful search. Plaintiff also alleges supplemental state law claims. This case was designated for participation in Local Rule 83.10 (the "1983 Plan.") Defendants City, Ramirez, Weber, Scurry, and Agosto filed their answer on December 11, 2025. Defendant Crawford filed her answer to

---

[1] Defendants intend to rely on the General Release, which is attached to Defendants' Answer as Exhibit A and is therefore incorporated into the pleadings, to resolve Defendants' Rule 12(c) motion to dismiss. In the alternative, Defendants request that the Court convert this motion into a motion for summary judgment.

the complaint on December 18, 2025, and the parties have not yet commenced discovery. See ECF Docket No. 16 and 17. There is an initial conference schedule for January 23, 2026, at 2:30 p.m.

**Factual and Legal Basis for Dismissal**

This case should be dismissed because less than five months after the incident alleged in this case, Plaintiff executed a General Release that bars all of the claims alleged in this case.

On July 11, 2025, Plaintiff agreed to settle all of his claims arising out of an arrest that occurred July 2024, under the New York City Office of the Comptroller claim number 2025PI005575. *See* General Release, annexed hereto as Exhibit A. Specifically, Plaintiff agreed to settle all the claims brought in that case for fourteen thousand dollars ($14,000.00), inclusive of attorney's fees and costs. In consideration for this settlement, Plaintiff executed a General Release, which released the City of New York, "and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York . . . from any and all state and federal tort claims, causes of action, suits, occurrences, damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR [Plaintiff] had, now has or hereafter can, shall, or may have . . . against the RELEASEES [Defendants] for, upon or by reason of any matter, cause or thing whatsoever *that occurred through the date of this Release, except as indicated below.*" *See* Ex. A (emphasis added).

The incident at issue in this litigation occurred on February 21, 2025, less than (5) months before Plaintiff signed the General Release. Moreover, Plaintiff was clearly aware of the need to exempt other incidents from this Release, because in the "carve out" section, Plaintiff indicated, and the City agreed, to exclude a Bronx County Supreme Court Case, filed under Index No. 816977/2021E, from the settlement. *See id.* Claims stemming from Plaintiff's February 21, 2025 arrest were *not* excluded from the General Release.

Thus, the payment under New York City Office of the Comptroller claim number 2025PI005575 releases the City, and all past and present employees, from all claims that Plaintiff brings in this action. *See Mateo v. Carinha*, 799 F. App'x 51, 53 (2d Cir. 2020) (summary order) ("Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed"); *Lloyd v. City*, 15-CV-8539 (RJS), 2017 U.S. Dist. LEXIS 77716 (S.D.N.Y. May 22, 2017) (dismissing civil rights case because plaintiff had executed a general release barring his claims). Thus, any claims stemming from the February 21, 2025 incident, as set forth in the instant complaint, are covered by Plaintiff's later-executed release and should be dismissed.

As set forth above, the General Release has been incorporated into the pleadings by Defendants, and Defendants intend to move to dismiss this case pursuant to FRCP 12(c). The Court can, in the alternative, convert this to a motion for summary judgment. Defendants request the Court's endorsement of the following briefing schedule:

| | |
|---|---|
| Defendants' motion due: | January 30, 2026 |
| Plaintiff's opposition due: | February 27, 2026 |

Case 1:25-cv-07775-DLC    Document 18    Filed 12/18/25    Page 3 of 3

Defendants' reply due:                               March 16, 2026

In light of their anticipated motion, Defendants request to stay the deadlines set by the 1983 Plan, including the mediation, while Defendants' motion is pending. Courts can stay discovery during a pending motion likely to narrow or eliminate the issues. *Orlando v. Nxt-ID Inc.*, 2020 U.S. Dist. LEXIS 191353 *2-3 (S.D.N.Y. October 15, 2020).

Thank you for your consideration of this request.

Respectfully submitted,
/s/ *Jeffrey Noll*

CC: All Counsel by ECF                    Assistant Corporation Counsel

Granted.

Denise Cote
12/18/25