```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
MATTHEW SIMPSON,                           :
                                           :
                      Plaintiffs,          :
                                           :       25cv7775 (DLC)
           -v-                             :
                                           :       OPINION AND
CITY OF NEW YORK, et al.,                  :           ORDER
                                           :
                      Defendants.          :
                                           :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:

Joshua Dayan
Dayan Law LLP
80-02 Kew Gardens Rd
Suite 902
Kew Gardens, NY 11415

For defendants:

Jeffrey Noll, Jr.
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

Matthew Simpson brings this action pursuant to 42 U.S.C. § 1983 and New York state law against the City of New York ("City" or "NYC"), the New York City Police Department, and individual police officers for violations of his civil rights arising out of an arrest on February 21, 2025.  The defendants have moved for judgment on the pleadings, arguing that Simpson's claims are barred by a general release that Simpson signed in connection

with the settlement of another claim.  The defendants' motion is granted.

## Background

The following facts are taken from the evidence submitted in connection with the motion.  The facts are undisputed.

On July 11, 2025, Simpson and his attorney Elliott S. Kay[1] signed a general release with the City for the settlement of a claim stemming from an event on July 20, 2024 ("Release").  The Release states that, in consideration of payment to him by the City, Simpson

> voluntarily, knowingly, and willingly releases and forever discharges the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively, the 'RELEASEES,' from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, which [Simpson] had, now has or hereafter can, shall, or may have . . . against the RELEASEES for, upon or by reason of any matter, cause, or thing whatsoever that occurred through the date of this RELEASE, except as indicated below.

(Emphasis supplied.)

A carve-out section immediately below states in bold, all-caps font that "all outstanding claims or actions are included

---

[1] Plaintiff's attorney Elliott S. Kay notarized the plaintiff's signature on the Release.

2

in this release unless excluded specifically by name below."  In that section, Simpson listed a matter in the Bronx County Supreme Court that is unrelated to the instant action.

On May 20, 2025, over a month before executing the Release, Simpson had filed a personal injury claim with the NYC Comptroller arising out of his arrest on February 21, 2025 ("Claim").  On September 18, 2025, Simpson filed the instant action against the defendants, alleging federal and state civil rights violations arising out of the February 21 arrest.  The defendants' answer to Simpson's complaint, filed on December 11, raised the affirmative defense that the action is barred by the terms of the Release.  The defendants attached the Release to their answer as Exhibit A.  Pursuant to a request from the defendants, discovery is stayed.

On January 30, 2026, the defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  In opposition, Simpson submitted his own affidavit and an affidavit from Mr. Kay.  Simpson states that he "made a mistake in failing to inform Mr. Kay of the existence" of the Claim.  Mr. Kay states that Simpson "forgot to inform me about" the Claim and "due to that genuine mistake, the claim number for this action was not included in the carve-out section of the Release."  The motion became fully submitted on March 12.

3

## Discussion

A court may convert a Rule 12(c) motion into a motion for summary judgment under Rule 56, Fed. R. Civ. P., when "matters outside the pleading are presented to and not excluded by the court."  Fed. R. Civ. P. 12(d).  A district court may not so convert a motion under Rule 12(d), however, unless "[a]ll parties [were] given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  The conversion of a motion "into one for summary judgment is governed by principles of substance rather than form."  Palin v. N.Y. Times Co., 940 F.3d 804, 811 (2d Cir. 2019).  "[T]he essential inquiry is whether the [nonmovant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment."  Id. at 811-12.

No party has objected to converting this Rule 12(c) motion into a motion for summary judgment.  All parties have submitted evidence to be considered on this motion and have had a reasonable opportunity to address the material.  In these circumstances, it is appropriate to convert the defendants' motion for judgment on the pleadings to a motion for summary judgment.

4

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those that "might affect the outcome of the suit under the governing law."  Choi v. Tower Rsch. Cap., LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted).  "[S]ummary judgment must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Indemn. Ins. Co. of N. Am. v. Unitrans Int'l Corp., 98 F.4th 73, 77 (2d Cir. 2024) (citation omitted).  A court's role with respect to a summary judgment motion "is not to resolve disputed questions of fact but solely to determine whether, as to any material fact, there is a genuine issue to be tried."  Moll v. Telesector Res. Grp., Inc., 94 F.4th 218, 227 (2d Cir. 2024) (citation omitted).  The court must "review the record taken as a whole," and "may not make credibility determinations or weigh the evidence."  Id. (citation omitted).

Settlement agreements and releases are construed according to the general principles of contract law.  Murphy v. Inst. of Int'l Educ., 32 F.4th 146, 150 (2d Cir. 2022).  Under New York law,[2] "if the language of a release is clear and unambiguous, the

---

[2] The parties do not address the proper choice of law for this motion.  Their briefs apply New York law, however, so the Court will apply New York law, as well.  Chau v. Lewis, 771 F.3d 118,

signing of a release is a jural act binding on the parties." Smith v. City of New York, -- N.Y.3d --, 2025 WL 3671272, at *1 (N.Y. Dec. 18, 2025) (citation omitted).  "[A] contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion."  Donohue v. Cuomo, 38 N.Y.3d 1, 13 (2022) (citation omitted).

> As with contracts generally, the courts must look to the language of a release -- the words used by the parties -- to determine their intent, resorting to extrinsic evidence only when the court concludes as a matter of law that the contract is ambiguous, or where such evidence establishes one of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake.

Smith, 2025 WL 3671272, at *1 (citation omitted).  "With respect to mutual mistake, a high order of evidence is required to overcome the heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties."  Id. (citation omitted).

"A party cannot obtain relief for unilateral mistake of contract absent a showing of fraud, duress or similar inequitable conduct."  Manlius Ctr. Rd. Assocs., LLC v. Singh,

---

126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." (citation omitted)).

236 N.Y.S.3d 434, 438 (N.Y. App. Div. 4th Dept. 2025) (citation omitted).  "Additionally, a contract may be voided for unilateral mistake of fact only where enforcement of the contract would be unconscionable, the mistake is material and the mistake was made despite the exercise of ordinary care." Id. (citation omitted).

The language of the Release unambiguously bars Simpson from suing the defendants for civil rights claims that accrued before July 11, 2025.  The arrest underlying Simpson's suit occurred on February 21, 2025.  Simpson filed the Claim on May 20, 2025.  He did not list the Claim in the Release's carve out provision. Accordingly, he is barred from asserting the claims pled in this action.  As the New York Court of Appeals recently pronounced when enforcing the City's release in similar circumstances,

> Although plaintiff, who was represented by counsel, could have excluded this action from the release by the simple act of listing it in the space provided for that purpose, he signed the release without doing so, an objective manifestation of assent that is binding upon him notwithstanding any unilateral mistake or subsequent regret on his part.

Smith, 2025 WL 3671272, at *2.

Simpson does not argue that the language of the Release is ambiguous.  Instead, Simpson seeks to shift the blame to the City for his own failure to exclude the Claim from the scope of the Release.  This effort fails.

7

Simpson has pointed to no authority to find that the City attorneys negotiating the Release with Mr. Kay had a duty to investigate whether Simpson had filed any other Claim and to advise Mr. Kay of its existence.  Mr. Kay was best placed to inquire of Simpson whether he had a claim for anything "whatsoever that occurred before the date of the RELEASE."

Simpson further contends that there was no meeting of the minds between the parties on all essential terms of the Release. With unambiguous contracts, however, "a party's subjective intent and understanding of the terms is irrelevant."  HOP Energy, L.L.C. v. Loc. 553 Pension Fund, 678 F.3d 158, 162 (2d Cir. 2012).  The Release is unambiguous.

Finally, Simpson has failed to show that the failure to list his claim on the Release was due to a mutual mistake.  He has not provided evidence to overcome the heavy presumption that this formal, written Release reflected the parties' intention.

## Conclusion

The defendants' March 13, 2026 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the

8

defendants and close the case.

Dated:    New York, New York
          May 6, 2026

                                        _____
                                            DENISE COTE
                                    United States District Judge